12847

McNEAL v. HERRING ET AL.

(152 S. E., 189)

188

October, 1928.

190

*Messrs. Truluck & Truluck,* for appellant,

*Messrs. DuRant & Sneeden,* for respondent.

February 26, 1930.

The opinion of the Court was·delivered by MR. CHIEF JUSTICE WATTS.

This is a claim and delivery action by the plaintiff against the defendants asking judgment: (1) For the possession of the crops and chattels described therein; (2) for the sum of $200, the value thereof, in case delivery thereof cannot be made; (3) for the sum of $160 in hands of Clerk of Court. This action was begun October 15, 1927, and is based on a chattel mortgage executed by R. L. Herring to R. B. McNeal for $160, bearing date April 6, 1927, and maturing September 5, 1927. Before action was begun and before maturity of the mortgage, the defendant R. L. Herring tendered to R. B. McNeal the sum of $100, which was the amount Herring claimed to have received from McNeal; this was refused by McNeal, but it was the amount which he received judgment·for on his own motion at the trial of the case; whereupon Herring deposited with the Clerk of Court before maturity of the mortgage the full amount of the paper,. to wit, $160, for the purpose of keeping his tender good and to protect himself. The defendant gave bond, answered, and demurred to the complaint.

Before the trial of the case a settlement was reached on December 7, 1927, whereby the Clerk of Court was to pay the plaintiff the sum of $140 out of the $160 deposited with him, and on motion of plaintiff an order was signed by Hon. John S. Wilson, which was consented to by the defendants. This order is dated December 14, 1927, and it dismisses the case after setting forth that the note and mortgage have been paid. When the order was presented to the Clerk of Court by plaintiff the Clerk informed him that he had deposited the $160 which the defendant Herring had left with him, in the First National Bank of Manning, and it had failed to open on the morning of December 14, 1927. The plaintiff then moved for an order revoking and rescinding the order dated December 14, 1927, which had dismissed the case; this motion was sustained by Judge Wilson on March 2, 1928, and in the order he allowed attorneys for plaintiff to file a reply to defendant's counterclaim. By agreement of attorneys, time for appealing from Judge Wilson's order dated March 2, 1928, was extended until the case was tried. The case came on for trial before Hon. S. W. G. Shipp and a jury, October 30th, 1928. At the conclusion of the testimony defendant moved for a directed verdict on the ground that there was no evidence that the conditions of the mortgage had been breached. This motion was denied, and the defendant then made a motion for the claim and delivery proceedings to be dismissed, and plaintiff required to follow the fund, which was also refused. Then plaintiff moved for judgment for $100 or the property, on the ground that the defendant testified that he did receive $100, and this motion was granted; defendant then made a motion for a new trial on the ground that tender had been kept good and the question of damages to defendant was a question for the jury, both of the above questions being questions of fact; the motion was refused. It is from the order of Hon. John S. Wilson dated March 2, 1928, and from the rulings of the trial Judge in the case and from his refusal to grant a new trial, that defendant appeals.

There are thirteen exceptions.

We see no error as complained of by the exceptions; the exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES BLEASE and CARTER concur.

MESSRS. JUSTICES COTHRAN and STABLER concur in result.